Herring's Case.

In the matter of the application of SARAH HERRING for sale of land limited over &c.

Where land limited over and charged with the support of A for life, includes old and dilapidated buildings, and has never produced enough to furnish a plain support for A, and to pay the taxes and assessments thereon, and the life-tenants are, through poverty, unable to pay such taxes and assessments, the fee in the land may be sold by order of the court, under the statute.

On exceptions to master's report.

*Mr. W. M. Johnson,* for exceptant.

*Mr. A. P. Garrabrant,* for petitioner.

THE CHANCELLOR.

The lands which the petitioner prays the court to order sold are property, the use of which was by her father's will given to her and her two brothers, Gilbert and Jacob, for the period of the life of their sister, Margaret, subject to and charged with the support of Margaret for life. After her death they are, according to the directions of the will, to be sold, and out of the proceeds are to be paid, first, two legacies to Jacob and the petitioner respectively, and then the balance is to be equally divided among all the testator's children then living, and the children, *per stirpes,* of any of them who may have died. The property consists of the homestead and two other lots of land in Hackensack, and two small lots of woodland elsewhere in Bergen county. Jacob is dead. The entire property is, and has been ever since the testator's death, productive of but little; not enough to furnish a plain support for Margaret and pay the taxes and the municipal assesssments which have been laid on some of it—the land in Hackensack. The improvements on the latter land are, a very old dwelling-house on the homestead lot, and a small house on one of the other lots. The land in Hack-

ensack has been sold for taxes, and there are other unpaid taxes and an assessment on the property, besides the taxes for which sale has been made. In view of the condition of the property and the inability of the life-tenants, from poverty, to pay the existing unpaid taxes and assessment, and those which may be assessed or imposed upon it, it would be wise and to the interest of both the present and future owners to sell it if a reasonable price can be obtained. Were it in the hands of an owner of the fee in such indigent circumstances as the life-tenants are, it would be judicious so to sell it. The master advises that such sale be made, recommends methods of sale and fixes prices for the Hackensack property. His advice and recommendation are judicious and the report should be confirmed. He fixes no price on the wood lots. They should be sold as soon as a fair price can be obtained. It may be that by the sale of the other property a sale of the homestead can be avoided. If so, it should be done. That is the most valuable part of the property, and there are family reasons connected with the support of Margaret, which appear to render it desirable that it should be kept unsold during her life, if possible.